UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| STEPHANIE P., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 1:23-CV-00190-MSM-LDA |
| MARTIN O'MALLEY, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) ) | |

ORDER

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the plaintiff, Stephanie P.'s, Motion to Reverse (ECF No. 11) and the defendant, Martin O'Malley, Commissioner, Social Security Administration's, Motion to Affirm (ECF No. 13) the denial by an Administrative Law Judge ("ALJ") of Supplemental Social Income under 42 U.S.C. § 405(g) of the Social Security Act. The plaintiff has objected to the Report and Recommendation ("R&R") of Magistrate Lincoln D. Almond (ECF No. 18) which recommends that the Court deny the plaintiff's Motion to Reverse and grant the defendant's Motion to Affirm.

Pursuant to the Federal Rules of Civil Procedure, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In reviewing the record, however, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by

1

substantial evidence, shall be conclusive….." 42 U.S.C. § 405(g).  Finally, "[q]uestions of law are reviewed de novo…." *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001) (citing *Ward v. Comm'r Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000)).

The plaintiff had previously filed an unsuccessful application for SSI in 2018. The ALJ denied that application at Step 5 of the evaluation of a claim for disability, but at Step 2 found that the plaintiff had multiple severe impairments and assessed a residual functional capacity ("RFC") for a limited range of work.  The plaintiff filed the application considered here in 2020, alleging a disability onset date of January 17, 2019, a day after the previous application's adjudication.  On the instant application, the ALJ concluded at Step 2 that none of the plaintiff's impairments met the severity threshold.  Thus, the ALJ issued no disability finding.

The plaintiff argues that the ALJ failed to consider the findings of severe impairments and limited RFC in the prior unfavorable decision, but, even if not bound by those findings, it was necessary to explain how the plaintiff's condition improved relative to that prior decision.  The Court, however, agrees with Magistrate Judge Almond that the ALJ was not bound by the prior ALJ's findings—the necessary review is of the record and issues before her for the period in question.  (ECF No. 18 at 13 (citing *Cameron v. Berryhill*, 356 F. Supp. 3d 186, 196 (D. Mass. 2019) (holding that an ALJ is not required to "specifically explain how he considered [a] finding of prior disability adjudication")).

Turning to the ALJ's Step 2 determination, it is clear from the record, as the Magistrate Judge also concluded, that the ALJ's decision was supported by substantial evidence as it was consistent with the state-agency consulting physicians.

This Court's review of the case is independent and, after having carefully reviewed the relevant papers, this Court reaches the same conclusion as Magistrate Judge Almond. The Court therefore ACCEPTS the R&R (ECF No. 18), adopting both the recommendation and reasoning set forth therein. Accordingly, the Motion to Reverse (ECF No. 11) is DENIED and the Motion to Affirm (ECF No. 13) is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
May 3, 2024